EVELYN SCHLUETER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schlueter v. Commissioner
Docket No. 18549-89
United States Tax Court
T.C. Memo 1991-476; 1991 Tax Ct. Memo LEXIS 525; 62 T.C.M. (CCH) 838; T.C.M. (RIA) 91476; September 26, 1991, Filed *525 Respondent's Motion to Dismiss for Lack of Prosecution will be granted and decision will be entered for the respondent. Respondent's Motion to Award Damages will be denied. Petitioner's Motion to Dismiss for Lack of Jurisdiction will be denied. Michael A. Urbanos, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: When this case was called from the trial calendar at St. Paul, Minnesota, on April 15, 1991, petitioner failed to appear. Respondent filed a Motion to Dismiss for Lack of Prosecution and a Motion to Award Damages. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1986 in the amount of $ 2,661, and additions to tax *526 under section 6653(a)(1)(A) and (B) in the amounts of $ 133 and 50 percent of the interest due on the deficiency, respectively. Pursuant to leave granted, respondent filed an amendment to his answer on April 30, 1990, seeking an increased deficiency in the amount of $ 24,646.58 and increases in additions to tax under section 6653(a)(1)(A) of $ 1,232.38 and 50 percent of the interest due on the increased deficiency under section 6653(a)(1)(B). Petitioners resided in Willmar, Minnesota, when the petition was filed in this case. This case was first called from the trial calendar in St. Paul, Minnesota, on April 30, 1990. At that time petitioner was represented by counsel. The Court continued the case to give the parties more time to reach a settlement and to allow petitioner an opportunity to consider respondent's amendment to his answer. When petitioner did not appear at the St. Paul trial calendar on April 15, 1991, respondent's counsel informed the Court that petitioner was no longer represented by counsel. Respondent's counsel reported that on several occasions he attempted to contact petitioner by telephone for the purpose of preparing the case for trial, but was unsuccessful. *527 On April 11, 1991, the Court received from petitioner an "Affidavit of Revocation and Rescission", which was filed as her Motion to Dismiss for Lack of Jurisdiction, whereby petitioner proclaimed that she was not liable for the deficiencies and additions to tax, as determined and asserted by respondent, because she is a "free sovereign individual citizen who is not subject to any federal income tax." The initial deficiency in this case was based on respondent's determination that petitioner's conveyance of a real estate contract to 13 trusts established by petitioner for the benefit of her family should not be recognized because the trusts were shams. During 1978, petitioner sold certain farm property under an installment sale contract and reported the sale on the installment method. Petitioner reported an 83-percent gain on the sale of the real estate. Under the terms of the contract petitioner received $ 75,000 as a downpayment, yearly payments of $ 5,000 plus interest, and the unpaid balance of the principal due in 1986. During 1986, petitioner created 13 trusts and transferred the installment sale contract to the trusts. At the time of the transfer the principal balance *528 due on the contract was $ 175,000. During 1986, $ 17,289 in interest and the balloon payment of $ 175,000 were paid on the contract. Initially, respondent determined that petitioner was taxable on the interest income earned from the real estate contract rather than the trusts. In the amendment to his answer, respondent alleged that petitioner was also liable for additional income taxes on the receipt of the balloon payment received during 1986. He argues that the principal payment is taxable, either because the trusts should not be recognized for income tax purposes or, in the alternative, because the transfer of the real estate contract to the trusts is taxable under section 453(b), as a disposition of an installment obligation. With regard to the deficiency and the additions under section 6653(a) as set forth in the notice of deficiency, we hold for respondent on the ground that either petitioner has defaulted by not appearing at trial or she has failed to carry her burden of proof. , affd. ; . Further, with regard to the increased deficiency and *529 additions to tax, we also hold for respondent. Petitioner has failed to appear at trial after adequate notice and has clearly stated in the "Affidavit of Revocation and Rescission" (filed as a Motion to Dismiss for Lack of Jurisdiction) that she does not intend to proceed in this Court to resolve her dispute with respondent. Under these circumstances an entry of default is appropriate provided we find that the pleadings set forth sufficient facts to support such a judgment. . Respondent's allegations of fact as set forth in the answer and the amendment to his answer support a finding that petitioner is liable for the increased deficiency and additions to tax as set forth in respondent's amendment to his answer. Petitioner's only position with regard to respondent's motions is that she is a "free sovereign U.S. citizen" and not a taxpayer subject to the provisions of the Internal Revenue Code. Petitioner's argument is old and stale and has been repeatedly rejected by the courts. See , affg. ; . *530 Respondent has also moved for the imposition of a penalty under section 6673. Generally, the Court may impose sanctions under section 6673 in those cases in which it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, the taxpayer's position in such proceeding is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. Although it is clear that petitioner has failed to prosecute her case, we do not think the proceedings herein were instituted or maintained by her primarily for delay, and the issue before the Court was not either frivolous or groundless. Consequently, in these circumstances we decline to grant respondent's motion for a penalty under section 6673. To reflect the foregoing, Respondent's Motion to Dismiss for Lack of Prosecution will be granted and decision will be entered for the respondent. Respondent's Motion to Award Damages will be denied. Petitioner's Motion to Dismiss for Lack of Jurisdiction will be denied.